J. J. RICHARDSON and another v. JORDAN WICKER and others.

A purchaser at execution sale is affected with notice of all defects of title. If one purchase land at such sale as the agent of another, and the land be subsequently sold under execution for his individual debt, the purchaser having no actual notice of the agency, he acquires only the interest of the agent, and is to be deemed to have had notice.

*Therefore*, where A purchased a tract of land at execution sale, as the agent of B, and subsequently the land was sold under execution against A: *It was held*, in an action brought against A to recover the land, that the court below did *not err* in refusing to charge the jury, that although they should find that A purchased as agent of B, yet if the plaintiffs bought without notice, and for value, they were entitled *to recover.*

CIVIL ACTION, in the nature of *Ejectment*, brought to this court upon appeal from the judgment of the Superior Court of MOORE county, at Spring Term, 1875, his Honor, *Buxton, J.* presiding.

The *locus in quo* containing ninety-eight acres, was a part of a larger tract, containing one thousand acres, originally owned by Daniel McIver, and which, at his death, descended to his heirs at-law, one of whom was David W. McIver.

The plaintiffs introduced in evidence a judgment, rendered at ——— term of the County Court of Moore county, in a cause wherein one Eliza Ann McIver was plaintiff, and David W. McIver was defendant, upon which judgment execution issued for $24.90 cost, returnable to July Term, 1844. This execution was levied by Alexander Kelly, sheriff of Moore county, upon the one thousand acres, aforesaid. Upon this execution (a *fi. fa.*) is endorsed a sale of the interest of David W. McIver, signed by "Alexander Kelly, sheriff of Moore county," purporting to have been made July 23d, 1844, to Winship Bryant for William McIntosh." The words, "for William McIntosh" appear to have been written in fresh ink and different from the balance of the sheriff's return.

The plaintiffs farther introduced in evidence the record of a petition for partition among the tenants in common of the one thousand acre tract, filed at October Term, 1857, of Moore County Court, wherein William McIntosh claims two shares in said land, the one in right of his wife, one of the heirs-at-law of Daniel McIver, and the other as purchaser and assignee of the interest of David W. McIver. The final report of the commissioners was confirmed at January Term, 1858, allotting to him two shares, claimed as aforesaid. Lot No. 6 was allotted to him as assignee of David W. McIver, which lot contained ninety-eight acres, and is the *locus in quo.* The plaintiffs insist that the *locus in quo* became the property of Winship Bryant, by virtue of his purchase of the interest of David W. McIver, under the execution aforesaid, and that the words "for William McIntosh" were added to the return of the sheriff after the return was made, and without authority of law. That although Bryant obtained no deed from the sheriff, yet by virtue of his purchase, he acquired the right to a deed and an interest in the property, which could be levied on and sold under execution against himself.

The plaintiffs further introduced in evidence the record of an action in the County Court of Moore, wherein John R. Ritter was plaintiff, and Winship Bryant and others were defendants, in which action judgment was rendered against the defendants at October Term, 1857, and execution was issued returnable to January Term, 1858. This execution was levied upon the *locus in quo* as the property of Winship Bryant, and the land was sold at execution sale, the plaintiffs becoming the purchasers, and taking a deed from the sheriff of Moore county, dated May 9th, 1859.

It was in evidence, that when the execution was issued in 1857, against Winship Bryant, the words, "for William McIntosh" were not then endorsed upon the execution, returned by sheriff Kelley to July Term, 1844. The possession of the defendants was admitted.

In behalf of the defendants there was evidence tending to show, that directly after the execution sale in 1844, both Bryant and McIntosh had said that Bryant bought the land for McIntosh. That after the partition of the land in 1857, McIntosh took possession of the two shares allotted to him.

The defendants introduced in evidence a sheriff's deed con taining the usual recitals, dated October 30th, 1857, made by Alexander Kelly, sheriff, to William McIntosh, which recited a sale to McIntosh and a receipt of the money $26.50 from Winship Bryant for William McIntosh, and conveyed the interest of David W. McIver in the one thousand acres, levied on under the execution which issued in 1844, in the suit, *Eliza Ann Ma* r v. *David W McIver*

It was admitted, that prior to the commencement of this action, William McIntosh executed a deed to the defendants for the *locus in quo.*

His Honor instructed the jury, that if the words " for William McIntosh " were not in the original return of Sheriff Kelly upon the execution, but were added by him afterwards, then these additional words were to be disregarded. That the return after being once made could not be altered without leave of the court, of which there was no evidence of it having been obtained, and that in that event the return of sale would be a sale to Winship Bryant.

Reading the return in this way it would be *prima facie* evidence of a sale to Winship Bryant, but the jury might still inquire, who in fact was the purchaser, and for this, might consider the evidence on that point ; also the admitted fact that Winship Bryant never took possession, or so far as is known ever claimed the sheriff's deed, while it was in evidence that William McIntosh, although years afterward did obtain a deed from the sheriff.

That if they found that the words " for William McIntosh" should be discarded from the return of Sheriff Alexander Kelly, as made without authority, and that the *prima facie*

evidence thus established of a sale by the sheriff to Winship Bryant was not rebutted by the evidence of the defendants, then they should find a verdict in favor of the plaintiffs. If however, the rebutting evidence satisfied them that William McIntosh was the real purchaser, and that Bryant was merely acting as his agent then their verdict should be in favor of the defendants.

The counsel for the plaintiffs requested the court to charge the jury in the latter view of the case:

That if the plaintiffs purchased without notice of the agency of Bryant and for value, relying upon the return of Sheriff Alexander Kelly as seen and testified to by the witness T. W. Ritter, sheriff, the verdict ought to be in favor of the plaintiffs.

The court refused the instruction prayed for and the plaintiffs excepted.

The jury rendered a verdict in favor of the defendants. Thereupon the plaintiffs moved for a *venire de novo* upon the grounds:

1. That the court erred in refusing the special instruction prayed for.

2. Because of a misapprehension of his Honor's charge by a portion of the jury, as evidenced by an affidavit of one of the jurors.

The motions were overruled by the court, and the plaintiffs appealed.

*Bushee & Bushee, Manning, J. D. McIver,* and *Battle & Son.* for the appellants.

*Neill McKay, Merrimon, Fuller & Ashe,* contra.

BYNUM, J.   The material question between the parties was, whether Winship Bryant purchased the land in controversy for himself, or as the agent and for William McIntosh. This issue was submitted to the jury fairly, by his Honor, upon the

whole evidence, and no exceptions were taken to the charge. The plaintiffs, however, asked the court to instruct the jury, that although they should find that Bryant purchased as the agent of McIntosh, yet if the plaintiffs bought without notice and for value, they were entitled to recover. His Honor refused this instruction, and in that he committed no error.

The plaintiffs purchased at execution sale, and therefore with notice of all defects in the title. They could acquire the interest of the defendant in the execution only. The jury finding that Bryant purchased as the agent af McIntosh, it followed that he had nothing in the land which could be sold under execution, and that the plaintiffs were not entitled to the instructions asked for.

The second exception of the plaintiffs, was not insisted upon here. It was for the refusal of the court to grant a new trial, upon a motion to that effect, grounded upon the affidavit of one of the persons, that a portion of the jury had misapprehended the charge of the judge. Such an application ought never to be entertained. On a motion for a new trial, the evidence of a juror as to the motives and influences which affected their deliberations, is inadmissible.

There is no error.

PER CURIAM.                    Judgment affirmed.